USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MYKEL ISBELL,

Plaintiff,

-against-

THE CITY OF NEW YORK,

Defendant.

23-CV-02970 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Mykel Isbell, an African-American woman employed by the New York City Department of Correction ("DOC"), brings claims against the City of New York (the "City") arising from alleged discrimination and retaliation during her employment. Plaintiff asserts claims under the Equal Pay Act ("EPA"), the Fair Labor Standards Act ("FLSA"), 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Lilly Ledbetter Fair Pay Act of 2009 ("LLFPA").[1] Before the Court is the City's motion for summary judgment on all claims. For the reasons set forth below, the motion is GRANTED.

[1] Although the numbered causes of action in the Amended Complaint allege only gender-based discrimination in pay under the Equal Pay Act, race-based discrimination and retaliation under 42 U.S.C. § 1981, and gender-based discrimination in pay under the Lilly Ledbetter Fair Pay Act, *see* Dkt. No. 4 at 6–8, the text of the Amended Complaint also asserts both gender- and race-based discrimination and retaliation under Title VII, *id.* ¶¶ 40–41. Accordingly, and because the parties have briefed the retaliation claim under Title VII, the Court will deem those claims adequately pled for purposes of resolving the motion for summary judgment.

## BACKGROUND

### I. RELEVANT FACTS[2]

Plaintiff began working for DOC in 2004 as an Associate Investigator. Def. 56.1 ¶ 9. In 2015, Plaintiff and two other DOC employees filed an action in this District, bringing claims for discrimination and retaliation on the basis of race and gender (the "2015 Action"). *Id.* ¶ 4. The parties settled the 2015 Action in 2019, and Plaintiff executed a general release of claims arising through April 23, 2019. *Id.* ¶¶ 5–8.

In April 2018, while the 2015 Action remained pending, Plaintiff was promoted to Administrative Investigator. *Id.* ¶ 20. She was transferred to DOC's Health Management Division ("HMD") in January 2020, *id.* ¶ 23, and in October 2021, she was assigned to manage DOC's COVID-19 project while continuing to perform her primary duties as an Administrative Investigator for HMD, *id.* ¶ 31.

Plaintiff subsequently filed several complaints alleging discrimination and retaliation. In February 2020, Plaintiff filed a complaint with the New York State Division of Human Rights ("SDHR"), alleging retaliation based on her 2015 lawsuit. *Id.* ¶ K(a)(2). In March 2022, she filed a complaint with DOC's Equal Employment Opportunity Division ("EEO"), alleging that

---

[2] These facts are primarily sourced from the City's uncontested Rule 56.1 Statement, *see* Dkt. No. 35 ("Def. 56.1"), and the exhibits appended thereto.

Plaintiff failed to submit a response to the City's Rule 56.1 Statement. If the opposing party fails to respond to the moving party's Rule 56.1 statement, the material facts contained in the moving party's 56.1 statement are deemed admitted. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003); *see also* Local Civ. R. 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed admitted for purposes of the motion unless specifically denied and controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."). Accordingly, the material facts contained in the City's Rule 56.1 Statement are deemed admitted for purposes of this Motion.

Citations to Defendant's Rule 56.1 Statement incorporate by reference the documents cited therein. The Court refers to the exhibits appended to Defendant's Rule 56.1 Statement as they are marked and referenced therein, *e.g.*, Dkt. No. 35-1 is referred to as "Ex. A."

she was being paid less than a male employee who previously managed the COVID-19 project. *Id.* ¶ 45. In August 2022, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") for race and sex discrimination and retaliation. *Id.* ¶ 98.

Plaintiff alleges that DOC retaliated against her for engaging in these protected activities in several ways, including by failing to promote her, denying her training opportunities, improperly deducting money from her paycheck, failing to remit a life-insurance premium deducted through payroll, and requiring her to change offices. *See* Dkt. No. 4 ¶¶ 17–39.

The events principally at issue occurred shortly after Plaintiff's March 2022 EEO complaint. In April 2022, DOC deducted money from Plaintiff's paycheck after a payroll audit identified an overpayment associated with the effective date of Plaintiff's 2018 promotion. Def. 56.1 ¶¶ 81–85. The audit also identified Recurring Incremental Payments ("RIPs") Plaintiff was entitled to receive under her union contract that she had not received since July 2019. *Id.* ¶¶ 83–84. DOC subsequently paid Plaintiff the missing RIPs and on May 27, 2022, returned the amount that had been deducted from her April paycheck. *Id.* ¶¶ 85–86.

On June 6, 2022, Plaintiff learned that a life-insurance premium ordinarily paid through payroll deduction had not been remitted. Def. 56.1 ¶ 87; Ex. I at 6. According to DOC's Payroll Director, the issue resulted from the reprocessing of Plaintiff's May 27, 2022 paycheck, undertaken to return the previously deducted funds. Def. 56.1 ¶ 88 (citing Ex. I at 6). DOC's payroll records reflected subsequent payment to the insurer, and by the time Plaintiff called DOC Human Resources to investigate, the issue had been resolved and Plaintiff was already re-enrolled in her life insurance. *Id.* ¶ 89.

## II. PROCEDURAL HISTORY

Plaintiff commenced this action on April 9, 2023, and filed the operative Amended Complaint on June 1, 2023. *See* Dkt. Nos. 2 & 4 ("Compl."). The case was reassigned to the undersigned on February 22, 2024. *See* Dkt. No. 14. Following discovery, the City moved for summary judgment. Dkt. Nos. 33 & 34 ("Mot."). Plaintiff opposed the motion, but expressly conceded summary judgment on all claims other than her Title VII retaliation claims. Dkt. No. 40 ("Opp."). Accordingly, summary judgment is granted as to the conceded claims, and only Plaintiff's Title VII retaliation claim is addressed below.

## DISCUSSION

## I. RELEVANT LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009).[3] "The court's role with respect to . . . a motion [for summary judgment] is not to resolve disputed questions of fact but solely to determine whether, as to any material fact, there is a genuine issue to be tried." *Moll v. Telesector Res. Grp., Inc.*, 94 F.4th 218, 227 (2d Cir. 2024). "In determining whether genuine issues of fact exist, the district court may not properly

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

consider the record in piecemeal fashion," and must "review the record taken as a whole," drawing all reasonable inferences in favor of the non-movant. *Id.*

If the moving party demonstrates the absence of a genuine dispute as to all material facts, the non-movant must point to evidence that would be sufficient to support a jury verdict in his favor. *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002). If, based on the record before the Court, a claim has arguable merit, then summary judgment cannot be granted. *Moll*, 94 F.4th at 228; *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315 (2d Cir. 2006) ("If there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied."). However, a non-movant's "reliance upon conclusory statements or mere allegations will not suffice to defeat summary judgment." *Moll*, 94 F.4th at 228. Summary judgment is proper where the non-movant "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.*

**B. The *McDonnell Douglas* Framework**

Retaliation claims under Title VII are analyzed under the familiar *McDonnell Douglas* burden-shifting framework. *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013). At the first step, a plaintiff must establish a *prima facie* case by showing: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010).

The plaintiff's burden at this stage is minimal. *Id.* Causation may be established indirectly through temporal proximity between the protected activity and the adverse action or through other circumstantial evidence, or directly through evidence of retaliatory animus. *Littlejohn v. City of New York*, 795 F.3d 297, 319 (2d Cir. 2015).

"Once the plaintiff has established a prima facie showing of retaliation, the burden shifts to the employer to articulate some legitimate, non-retaliatory reason for the employment action." *Kwan*, 737 F.3d at 845. If the employer does so, "the presumption of retaliation arising from the establishment of the prima facie case drops from the picture," and the plaintiff must come forward with evidence that the defendant's proffered, non-retaliatory reason is a mere pretext for retaliation. *Id.* A plaintiff alleging retaliation in violation of Title VII must show that retaliation was a "but-for" cause of the adverse action, and not simply a "substantial" or "motivating" factor in the employer's decision. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 348, 360 (2013). "However, 'but-for' causation does not require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Kwan*, 737 F.3d at 846.

## II. ABANDONED RETALIATION THEORIES

The Amended Complaint identifies several actions that Plaintiff contends were retaliatory, including DOC's failure to promote her, denial of training opportunities, and relocation of her office. *See* Compl. ¶¶ 18–39. The City moved for summary judgment as to each theory. *See* Mot. at 9–15. Plaintiff's opposition, however, does not respond to the City's arguments concerning her failure-to-promote, failure-to-train, or office relocation theories. Instead, her retaliation argument addresses only the April 2022 payroll deduction and the subsequent issue involving her life-insurance premium. *See* Opp. at 2–4.

"Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." *Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003); *see also Jackson v. Fed. Exp.*, 766 F.3d 189, 196 (2d Cir. 2014) ("Where abandonment by a counseled party is not

explicit but such an inference may be fairly drawn from the papers and circumstances viewed as a whole, district courts may conclude that abandonment was intended."); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue."), *aff'd*, 130 F.3d 1101 (2d Cir. 1997); *Benoit v. Metro. Transp. Auth.*, No. 15-CV-06095 (JFK), 2016 WL 6902190, at *5 (S.D.N.Y. Nov. 21, 2016) ("[Plaintiff] made no argument in her opposition to summary judgment in support of her theories [of liability]. The Court infers from [Plaintiff's] failure to address these allegations at all that she abandoned them."); *Lombardo v. Camuto Grp. LLC*, No. 20-CV-10336 (VSB), 2025 WL 104114, at *7 & n.11 (S.D.N.Y. Jan. 15, 2025) (deeming one theory of retaliation advanced by Plaintiff "abandoned" because "[Plaintiff's] brief in opposition to [Defendant's] motion for summary judgment includes no argument with respect to th[at] theory"). An inference of abandonment is appropriate here. Plaintiff expressly states that she opposes summary judgment on her retaliation claim but proceeds to defend only the payroll-deduction and life-insurance theories and includes no argument with respect to her other theories. *See* Opp. at 2–4. The Court therefore concludes that Plaintiff has abandoned her retaliation theories premised on failure to promote, failure to train, and office relocation.

## III. PLAINTIFF'S PAY DEDUCTIONS AND LAPSE IN LIFE INSURANCE DO NOT ESTABLISH UNLAWFUL RETALIATION

Plaintiff's remaining retaliation theories concern (i) DOC's April 2022 deduction from her paycheck, and (ii) the temporary disruption in payment of her life-insurance premium. Neither theory raises a genuine dispute of material fact sufficient to survive summary judgment on a retaliation theory.

For purposes of this Opinion, the Court assumes that Plaintiff has established a *prima facie* case as to both events. Plaintiff's March 2022 internal EEO complaint alleging race- and

sex-based pay discrimination constituted protected activity, and the City does not dispute it was aware of that complaint. The Court likewise assumes solely for purposes of this Opinion that the payroll deduction and interruption in Plaintiff's life-insurance payment, however temporary, were materially adverse.

Plaintiff has also satisfied her minimal burden of establishing causation at the *prima facie* stage. *See Hicks*, 593 F.3d at 164. The payroll deduction occurred within weeks of her March 2022 EEO complaint, and the life-insurance issue arose approximately three months later. That temporal proximity is sufficient, at this stage of the analysis, to support an inference of causation. *See Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001) ("In this Circuit, a plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action."); *see also Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) ("Though [the Second Circuit] has not drawn a bright line defining, for the purposes of a prima facie case, the outer limits beyond which a temporal relationship is too attenuated to establish causation, [it has] previously held that five months is not too long to find the causal relationship.").

Temporal proximity does not end the inquiry, because the City has articulated legitimate, non-retaliatory explanations for both events. As to the April 2022 deduction, the City has submitted evidence that a payroll audit revealed Plaintiff had been overpaid in 2018 because DOC had recorded the effective date of her promotion as February 11, 2018, rather than April 1, 2018. Def. 56.1 ¶¶ 81–85. The audit was not limited to Plaintiff; DOC "processed approximately 180 employee overpayment recoupments" in 2022 "as a result of these routine payroll audits." Ex. I at 5. Moreover, the audit did not operate exclusively to Plaintiff's

detriment. It also revealed that Plaintiff had not received RIPs to which she had been entitled since July 2019, resulting in belated payment of those amounts to Plaintiff. Def. 56.1 ¶¶ 83–85. DOC ultimately also returned the amount deducted from Plaintiff's April paycheck. *Id.* ¶ 86; Ex. I at 5.

The City likewise offers a non-retaliatory explanation for the life-insurance issue. According to DOC's Payroll Director, the May 27 paycheck had to be reprocessed to reverse the earlier deduction, and that reprocessing temporarily disrupted the transmission of Plaintiff's payroll-deducted insurance premium. Def. 56.1 ¶ 88; Ex. I at 6. Payroll thereafter worked to correct the payment and advised Plaintiff to confirm receipt with her insurer. *See* Def. 56.1 ¶ 88.

Plaintiff offers no evidence from which a reasonable jury could find that these explanations were pretextual or that retaliation was a but-for cause of either action. Plaintiff asserts cursorily that "the audit was the result of plaintiff's complaint," Opp. ¶ 9, but identifies no evidence supporting that inference. Even assuming that Plaintiff's complaint prompted review of her payroll records (for which there is no support, because the record clearly establishes that the audit was routine, administrative, and resulted in recoupments for nearly 200 DOC employees in 2022), that fact alone would not permit a reasonable jury to conclude that the resulting correction of an actual payroll error was retaliatory. The question is whether the adverse action would have occurred absent retaliatory animus. *Kwan*, 737 F.3d at 846. Plaintiff offers no evidence from which a reasonable jury could answer that question in her favor.

Plaintiff fares no better with respect to the life-insurance premium. The uncontroverted evidence connects that issue to the reprocessing of Plaintiff's paycheck, which was undertaken to return the previously deducted funds. Plaintiff identifies no evidence that anyone intentionally interfered with her insurance payment, much less because she filed her March 2022 EEO

complaint. Indeed, the issue had been corrected by DOC staff even before Plaintiff called to inquire about the missed premium payment, and her life insurance policy remains current. Def. 56.1 ¶¶ 89–90.

Accordingly, even assuming the timing of the challenged events is sufficient to satisfy Plaintiff's minimal *prima facie* burden, "without more, such temporal proximity is insufficient to satisfy [a plaintiff's] burden to bring forward some evidence of pretext." *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010), *abrogated in part on other grounds by Nassar*, 570 U.S. 338. Because the City has produced legitimate, non-retaliatory explanations for the payroll deduction and life-insurance issue, and Plaintiff has not identified any evidence from which a reasonable jury could find those explanations pretextual or that retaliation was a but-for cause of either event, the City is entitled to summary judgment on Plaintiff's Title VII retaliation claim.

**CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to enter judgment in favor of Defendant and CLOSE this case.

Dated: September 30, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge